UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-257-KSF

LISA GILBERT                                                         PLAINTIFF

v.                           **OPINION & ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                              DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Lisa Gilbert, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for a period of disability, disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Gilbert filed her claim for benefits on September 4, 2008, alleging an onset date of May 9, 2007 [TR 178-137-45]. Her claim was denied initially on November 17, 2008, and again on reconsideration on February 21, 2009. She then filed a written request for a hearing before an Administrative Law Judge ("ALJ"). After the hearing, the ALJ issued an unfavorable decision on December 7, 2010 [TR 21-36].

At the time the ALJ rendered her decision, Gilbert was 48 years old. [TR 137]. She has earned her GED, and has past work experience as a cashier, cook, and dispatcher. [TR 184, 187]. She claims that she became disabled on May 9, 2007 due to diabetes, depression, and a ruptured disc in her lower back [TR 183].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2) If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The ALJ began his analysis by determining that Gilbert met the insured status requirements of the Social Security Act through December 31, 2011 [TR 26]. At step one, the ALJ found that Gilbert has not engaged in any substantial gainful activity since her alleged onset date [TR 26]. At step two, the ALJ determined that Gilbert suffers from the following severe impairments: degenerative disc disease of the lumbar spine, status post diskectomy with residual chronic back pain; insulin dependent diabetes mellitus; obesity; and a depressive disorder with anxiety components [TR 26]. Continuing on to the third step, the ALJ determined that Gilbert does not have an impairment or combination of impairments that meets or medically equals in severity any of the listed impairments [TR 27].

The ALJ then found that, based on the medically determinable evidence, Gilbert has the residual functional capacity ("RFC") to perform less than a full range of light work. Specifically, the ALJ found that Gilbert "can lift ten pounds frequently and twenty pounds occasionally; stand walk six hours in an eight hour day, but not more than two hours at a time; sit six hours in an eight hour day, but not more than two hours at a time; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; avoid concentrated exposure to vibration; avoid all exposure to unprotected heights; precluded from tasks requiring a commercial driver's license; and requires an object-focused work environment, with limited public contact" [TR 28]. At step four, the ALJ determined that, based on her RFC, Gilbert cannot perform any past relevant work. However, after applying the Medical-Vocational rules and hearing testimony from the Vocational Expert ("VE"), the ALJ determined that based on Gilbert's RFC, age, education and experience, there are other jobs existing in significant numbers in the national economy that Gilbert could perform. Accordingly, the ALJ determined that she was not disabled at step five [TR. 20-21].

## II.     GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III.    ANALYSIS

On appeal, Gilbert argues generally that the ALJ's decision is not supported by substantial evidence and was not decided by proper legal standards. However, Gilbert's motion contains no specific citations to the record. When a party fails to cite to specifics in the record, the court is under no obligation "to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence." *Hollon ex rel. Hollon v. Commissioner of Social Security*; 447 F.3d 477, 491 (6th Cir.

4

2006); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Furthermore, Gilbert's motion merely makes cursory arguments that do little to develop the arguments listed in her issue statement. A court may consider an issue waived when it is referred "to in a perfunctory manner, unaccompanied by some effort at developed argumentations." *McPherson*, 125 F.3d at 984-96. By failing to produce evidence in support of her claim, Gilbert has failed to meet her burden of establishing that she is disabled. *See* 20 C.F.R. § 404.1512(a), 416.912(a); *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).

Despite Gilbert's failure to cite to particular evidence in the record, the Court will briefly consider Gilbert's generalized arguments. First, Gilbert contends that the ALJ erred by failing to give controlling weight to the opinion of Mark Sanders, M.D., her treating physician. Generally, the ALJ must give controlling weight to the opinion of a treating source. *See* 20 C.F.R. § 416.927(c). However, the ALJ may decline to give controlling weight to a treating source's opinion when it is inconsistent with other substantial evidence or not supported by medically acceptable clinical and laboratory diagnostic techniques. *See*. 20 C.F.R. § 416.927(c)(2). When weighing the opinion of a treating source, the ALJ must consider the examining relationship, the length of treatment, whether medical signs and laboratory findings support the opinion, the opinion's consistency with the record, and the source's specialization. *See* 20 C.F.R. § 416.927(c). Should the ALJ decline to give controlling weight to a treating source's opinion, the ALJ must give "good reasons" for this decision. *Rabbers v. Commissioner of Social Security*, 582 F.3d 647, 660 (6th Cir. 2009).

Here, the ALJ declined to give controlling weight to the disabling opinion of Dr. Sanders. Dr. Sanders, in his physical capacities evaluation of October 25, 2010, opined as follows: (1) that Gilbert needs to change from sitting to lying flat every fifteen to twenty minutes, (2) that she can lift ten pounds occasionally, (3) that she can sometimes reach above shoulder level, (4) that she can

never bend, squat, crawl, or climb, and (5) that she has mild restrictions regarding moving machinery, driving, and exposure to dust, fumes and gases [TR 1135]. In rejecting this opinion, the ALJ held:

> The treating physician post-hearing submission at Exhibit 22F has been considered. The undersigned finds the severity of the limitations set forth therein is not consistent with the overall treatment notes. These limitations are somewhat consistent with the claimant's testimony that she could sit less than thirty minutes and stand no more than three minutes at a time. However, the limitations and the claimant's assertions are not consistent with the testified to "total care" responsibilities associated with the claimant's guardianship status over her granddaughter (which began shortly after her alleged onset date) for the past three years, from birth to her current age three.

The ALJ instead relied on the assessments of the state agency consultants, statements Gilbert made at the hearing, and the record as a whole. There is substantial evidence in support of the ALJ's decision. Treatment records from Dr. Sanders reveal that her back pain was largely under control, and that he monitored her mainly for diabetes during 2007 and 2008 [TR 300-305, 308, 310, 315]. Other treatment records conflict with Dr. Sanders' opinion including emergency room visits in September 2008, May 2009 and October 2009, when she reported no back pain [TR 351-52, 901-02, 1105-06]. Dr. Ryan Owens performed a consultative examination on January 12, 2012, and noted that Gilbert had no muscle asymmetry, atrophy, or involuntary movements, no swelling or tenderness, no trigger points, and a normal gait. Furthermore, he noted that she could rise from a sitting position without assistance, stand on tiptoes, tandem walk, bend and squat [Tr 1062]. Her grip strength was 5/5 with adequate fine motor movements, dexterity, and ability to grasp objects [TR 1062]. Although he noted positive straight leg raises and decreased sensation mid-shin, Dr. Owens found good muscle tone and 5/5 strength in all muscle groups and a full range of motion [TR 1062-63]. Based on his examination, he found that Gilbert could sit, walk, or stand for a full workday, but may require occasional breaks, with other limitations [TR 1063].

The ALJ also relied in part on the opinions of state agency medical consultants who reviewed Gilbert's medical records in November 2008. Both Dr. Humildad Anzures and Dr. Timothy Gregg opined that Gilbert could lift 50 pounds occasionally and 25 pounds frequently, stand/walk and sit for 6 hours each, and frequently stoop, crouch, and crawl [TR 631-21, 637, 873-74, 879]. Finally, in rejecting Dr. Sanders' opinion, the ALJ considered Gilbert's own statements regarding her daily activities, including the fact that she was responsible for caring for her young grandchild and that she was able to dust, wash dishes, do laundry, cook, shop, and take care of her personal needs [TR 44-45, 204-06].

Thus, based on a review of the entire record, the Court finds that substantial evidence supports the ALJ's decision to reject the opinion of Dr. Sanders. Moreover, the decision of the ALJ clearly sets out "good reasons" for rejecting this treating source. Accordingly, Gilbert's argument on this point fails.

The Court now turns to Gilbert's argument that the ALJ failed to consider the combined effects of her impairments. Gilbert fails to explain how her impairments resulted in any limitations in excess of her RFC. While the ALJ is required to consider the required effect of a claimant's impairments in deciding whether she is disabled, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the impairments in combination, where the ALJ specifically refers to a combination in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990)(quotations omitted). Here, the ALJ discussed Gilbert's reported symptoms, the medical findings, and various diagnoses to determine that she had severe impairments, but no "impairment or combination of impairments" that met or equaled a listed impairment [TR 14]. This finding is sufficient to show that the ALJ considered the combined effect of Gilbert's impairments. *See Loy*, 9091 F.2d at 1310.

7

Accordingly, Gilbert has failed to establish entitlement to a period of disability, disability insurance benefits, or Supplemental Security Income. As set forth above, a review of the entire record reveals that substantial evidence supports the ALJ's RFC finding and that the VE identified jobs that would be compatible with her individual vocational characteristics and RFC. In conclusion, the decision of the ALJ that Gilbert is not disabled is supported by substantial evidence and was made pursuant to the proper legal standards.

IV. **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #13] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #14] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This May 28, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge